IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice Lauree Watkins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 6:11-967-TLW-KFM |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# **ORDER**

Plaintiff brought this action pursuant to 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security, denying her claim for disability insurance benefits. The matter is before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kevin F. McDonald, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the decision of the Commissioner be affirmed. (Doc. # 16). Plaintiff filed timely objections, (Doc. # 21), to which Defendant replied. (Doc. # 24). The matter is now ripe for review.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the

> Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the record, the Magistrate Judge's analysis as found in the Report, and the Plaintiff's objections to the Report. After careful review, although the Court finds the Magistrate Judge's Report to be thorough and well-reasoned in its overall analysis, the Court nonetheless declines to accept the Report. (Doc. # 16). The Court notes that the ALJ concluded that there was no "nerve root compression" in his findings of fact and conclusions of law at pages 5, 6, 7, and 8 of the record. However, the Court is persuaded that the ALJ's failure to fully set out that his conclusions were based specifically upon the criteria of Listing 1.04A during the listing analysis for disorders of the spine warrants a remand for re-evaluation of Plaintiff's condition with specific reference to the full criteria of the listing. For this reason, the Commissioner's decision is hereby **REVERSED** under sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for a re-evaluation of Plaintiff's condition under Listing 1.04.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

August 28, 2012
Florence, South Carolina